## LEMONDS *v.* FRENCH.

A cause should not be dismissed at the first term after the petition was filed, on the ground of defective notice,

A notice is not defective which called upon defendant to answer by the 12th day of the month (the 12th being the first day of the term) or on the second day of the term.

Motions, notices, and the rulings of the court in a case, are to be deemed parts of the record, under the Code.

### *Appeal from Marion District Court.*

*Opinion by* GREENE, J.   It appears by the record in this case that a motion was made in the court below to discontinue the cause, on the ground of defective notice ; and the motion was granted.

The action of the court in discontinuing the cause is assigned for error.

As this decision was made at the first term of the court after the petition was filed, a notice so defective as to amount to no notice, would not justify a discontinuance of the case· It should have been continued, unless tried by consent of parties.   Code, § 1720.

But was the notice seriously defective?   It is objected that it did not specify any day certain on which defendant was required to answer.   It appears that the term of court commenced on the 12th day of the month.   The notice called on the defendant to answer by the 12th day of that month, or on the second day of the term.   True the second day of the term was the 13th Sept., but still there was no uncertainty as to the time defendant was called upon to answer.   The direction was alternative.   He was not required to answer on the 12th.   He might do so on that day, or on the 13th, the second day of the term.   Either with or without the specific date, the defendant had until the second day of the term to appear and answer.   We

conclude, then, that the court erred in deciding the writ defective, and in dismissing the case.

It is claimed, by appellee, that as the motion, notice and ruling of the court were not incorporated in a bill of exceptions, showing that defendant objected to the decision, that the proceeding cannot be regarded as of record ; and that as they were not objected to below, they cannot be questioned here.    This objection, before the Code took effect, would have been valid.    But by the Code, § 1977, " all proper entries made by the clerk, and all papers pertaining to a cause, and filed therein, (except subpœnas, depositions and other papers which are used as mere evidence,) are to be deemed parts of the record."    All the entries, and papers upon which this proceeding was had, are before us, as of record.    There is nothing in the case to justify the presumption that the defendant acquiesced in the ruling of the court, and as the record shows that ruling to be errroneous, it should be corrected.

Judgment reversed.

*S. W. Summers*, for appellant.

*G. G. Wright*, for appellee.